## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEAN BRYAN DAVIDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 4:18-cv-1665-PLC |
| v. | ) |
| | ) |
| DAVID SCHMITT, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

Petitioner, who is presently in custody at the Southeast Mental Health Center in Farmington, Missouri, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court will transfer this case to the United States District Court for the Western District of Missouri.

In the petition, petitioner states he challenges judgments entered in the Circuit Courts of Callaway County and Camden County, Missouri, case numbers 07CW-PR00040 and "CR-203-789FX." (Docket No. 1, p. 1). The Circuit Courts of Callaway County and Camden County are located in the Western District of Missouri. 28 U.S.C. § 105(b)(4). The Southeast Mental Health Center is located in the Eastern District of Missouri. 28 U.S.C. § 105(a)(1).

Pursuant to 28 U.S.C. § 2241(d), the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In a circumstance such as this, the district court in which the petition originally is filed may, in the exercise of its discretion and in the furtherance of justice, transfer the case to the other district for hearing and determination. *Id.* In addition, 28 U.S.C. § 1404(a) provides that a district court, for

the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's constitutional claims are based upon convictions entered in circuit courts located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the Western District of Missouri would be more convenient for witnesses. In addition, the Court has entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. *In re Business of the Court*, January 27, 1986. The Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner is granted provisional leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and subject to modification by the United States District Court for the Western District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

Dated this __10th__ day of December, 2018.

Bonnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

2